POULEY, J.
SUMMARY
This matter came before the Court of Appeals following a contentious dissolution of a long-term marriage. While there were some procedural complications in the lower court, some of which were brought to the attention of this court, they were ultimately resolved and not the subject of this appeal or decision.
*155 The Trial Court enteréd very detailed Findings of Fact, Conclusions of Law and a Decree of Dissolution and Order Regarding Real Property on October 5, 2015. Cross appeals followed.
This court reviewed all of the pleadings filed in this matter. At the initial hearing the court heard from the parties, allowing them to clarify all of the issues on appeal and their positions.
The purpose of the initial hearing is for the Court of Appeals to determine whether the facts or law as presented warrant the appeal to move forward with briefing of the issues; or whether the issues are so clear as to allow the court to dismiss or grant the appeal and/or remand the matter immediately to the Trial Court for further action. Having reviewed the files and considered the presentation of the parties at the initial hearing, this court entered an immediate oral ruling affirming in part, remanding for action in part, and reversing in part. This opinion follows.
ISSUES
1. Did the Trial Court err in awarding the wife a share of the retirement annuity earned as a result of the husband’s employment, and if not, did the Trial Court enter proper orders distributing that award?
2. Did the Trial Court distribute the parties’ assets and liabilities in a fair and equitable manner?
DISCUSSION

Issue 1: Did the Trial Court err in awarding the wife a share of the retirement annuity earned as a result of the husband’s employment, and if not, did the Trial Court enter proper orders distributing that award?

(Wife’s appeal, AP15-018)
The Respondent/husband earned a Civil Service Retirement System annuity based on his employment with and retirement from the United States Government. The Findings of Fact and Conclusion are clear and specific that the benefits were entirely earned during the marriage. The Trial Court awarded the wife a $600 per month share of the account. The Respondent/husband did not specifically challenge the Court’s findings except to say he didn’t believe the Court fairly considered his evidence or argument on the matter. This Court will not substitute our judgment for the trier of fact as the findings of the Trial Court clearly support the award. The decision of the Trial Court is AFFIRMED.
The Court did, however, order distribution of the property in a manner that allows the husband to collect all of the monthly annuity distribution and requires him to pay the wife’s share directly to her. Given the history of this marriage and the especially contentious nature at dissolution, it is error for the Court to create a requirement for ongoing relations between these parties. The Court’s order places the burden of collecting the annuity on the wife if the husband fails to pay on time. This remedy creates a flash point for continued disputes and possible abuse. The goal of all dissolutions should be to separate the parties as completely as possible, this is doubly true when there is a history of domestic violence and abuse. We find the Trial Court’s remedy to be erroneous, especially since there is a very simple solution to the issue.
The Appellant/wife correctly notes that the federal retirement system easily addresses this conflict. 5 U.S.C. § 8345(j) provides an approved Retirement Benefits Order the Court can enter, directing the United States Office of Personnel Management to pay the wife’s share of the monthly annuity directly to her. The order also *156 creates a survivor annuity which is supported by the findings of the Court, but not directly addressed in the decree.
The matter is REMANDED for the court to enter the “RETIREMENT BENEFITS COURT ORDER” presented as an attachment to the appellate panel by the Appellant/wife.

Issue 2. Did the Trial Court distribute the parties’ assets and liabilities in a fair and equitable manner?

(Husband’s cross-appeal, AP15-019)
The Respondent/husband filed a cross appeal essentially stating that he finds the distribution of property to be unfair and he does not believe the Court adequately considered evidence or arguments that he presented at trial. The Respondent fails to specifically present a cognizable issue for appeal. The Court obviously considered and weighed all evidence and entered detailed Findings of Fact. This Court was unable to find, and the Respondent/husband was unable to articulate, any basis to disturb those findings.
His appeal is DISMISSED.

Restraining Order Clarification

During the initial appeal the husband raised a question regarding the continuing restraining order entered by the Trial Court. Upon questioning it was revealed the husband had a concern that he may be found to violate the technical language of the restraining order if he were to exit his vehicle to open a gate to access real property awarded to him by the Court. The Court of Appeals does not believe that was the intent of the Trial Court and REMANDS this matter directing the Trial Court to clarify the restraining order as necessary to allow the husband legal access to the property awarded by the Court.
CONCLUSION
Based on the foregoing, the Court AFFIRMS the distribution of the Retirement Account, and directs the Trial Court to enter the appropriate order to the Federal Government for direct distribution of the Retirement funds, DISMISSES the husband’s appeal, and REMANDS to the Trial Court for an order clarifying the parameters of the Restraining Order.